**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON**

**CIVIL ACTION NO. 07-41-DLB**

**CHARLES HENSLEY**                                                                      **PLAINTIFF**

vs.                                          **MEMORANDUM OPINION & ORDER**

**MICHAEL J. ASTRUE, Commissioner
of Social Security**                                                                    **DEFENDANT**

* * * * * * * * * * * * *

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Charles Hensley first filed an application for Supplemental Security Income (SSI) payments on May 16, 1990. (Tr. 19). After this application was denied initially and upon reconsideration, Plaintiff requested a hearing with an Administrative Law Judge (ALJ). Ultimately, Plaintiff was granted benefits, but these benefits ceased when claimant was incarcerated for drug-related charges. (*Id.*)

Claimant filed his second SSI application on January 7, 1998. (*Id.*) The ALJ denied this application on January 24, 2000, and the Appeals Council declined review. The United States District Court upheld this determination on March 20, 2002. (*Id.*)

1

Claimant filed his third SSI application on November 2, 2001, while his second application was still in litigation. (*Id.*)  The ALJ denied the third application on November 6, 2002. (Tr.19, 43-49).  In accordance with a February 27, 2004, remand order by the United States District Court for the Eastern District of Kentucky, the Appeals Council remanded the case based on the third application to the ALJ on March 23, 2004 for further proceedings. (Tr. 19, 39A-B).

Plaintiff filed a fourth application for SSI payments on January 16, 2003. (Tr. 70-86). Plaintiff alleges he became unable to work on May 16, 1990. (Tr. 71).  He alleges disability due to lumbago, bilateral knee pain, and asthma by history. (Tr. 44).  His application was denied initially and upon reconsideration. (Tr. 55, 56).  At Plaintiff's request, an administrative hearing was conducted on April 1, 2005, by ALJ Ronald Kayser. (Tr. 335-83).  On April 25, 2005, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to SSI payments. (Tr. 19-25).[1]  This decision became the final decision of the Commissioner when the Appeals Council denied review on December 13, 2006. (Tr. 7-9).

On February 1, 2007, Plaintiff filed the instant action.  The matter has culminated in cross motions for summary judgment, which are now ripe for adjudication. (Doc. # 9, 10).

## II.      DISCUSSION

### A.      Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

---

[1] Both the third and fourth applications were the subject of the ALJ's decision of April 25, 2005. (Tr. 19).

"Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Secretary of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability. (Tr. 20, 24). At Step 2, the ALJ found Plaintiff's lumbago, bilateral knee pain, asthma, and borderline intellectual functioning (BIF) to be severe within the meaning of the regulations. (Tr. 21). At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 21, 24). At Step 4, the

ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform the physical exertion and non-exertional requirements of medium work with the additional following restrictions:

> [H]e can stand/walk four hours per eight-hour workday and sit without limit. Pushing and pulling with the lower extremities is limited to occasionally. He must avoid climbing ropes, ladders, and scaffolds. He may occasionally squat and kneel; he should avoid temperature extremes, humidity, vibration and hazardous machinery as well as working at heights.
>
> Mentally, he is moderately limited in ability to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; work in coordination with others; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; and respond appropriately to changes in work settings. He is able to understand and follow simple job instructions, he can maintain attention to complete tasks, he functions best in an object-focused setting and is able to handle routine job changes.

(Tr. 23-24, 25). Plaintiff had no past relevant work to be considered by the ALJ. (Tr. 21, 25).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that there were a significant number of jobs available to Plaintiff in the national and regional economies, despite his limitations. (Tr. 24, 25). This conclusion resulted from testimony by a vocational expert (VE), in response to a hypothetical question assuming an individual of Plaintiff's age (41 years of age as of the filing of the original application), education (sixth grade), work experience (none), and RFC. (Tr. 377-81). The VE testified that Plaintiff could perform work as a bench assembly worker or sorting and packaging worker, available at both the medium and light levels, or as an assembly worker at the sedentary level. (Tr. 24, 377-81). Since these were positions of significant number

in both the regional and national economies, the ALJ concluded Plaintiff was not disabled under the Social Security Act. (Tr. 24, 25).

**C.      Analysis**

Plaintiff raises two challenges in his appeal. First, Plaintiff claims that the ALJ's decision that claimant has the RFC to perform the physical and nonexertional requirements of medium work is not supported by substantial evidence of record because the ALJ failed to accord appropriate weight to the RFC assessment by Dr. Charles Hancock. (Doc. #9-3 at 6). Plaintiff also argues that the ALJ's decision is not supported by substantial evidence because claimant's allegations of disabling pain were supported by objective medical evidence of an underlying condition that could reasonably be expected to produce his alleged disabling pain. (Doc. #9-3 at 7).

**1.      Dr. Hancock's RFC**

According to Plaintiff, the ALJ failed to accord appropriate weight to the RFC (physical) assessment by Dr. Charles Hancock. (Tr. 326-29). Plaintiff acknowledges that the ALJ discussed Dr. Hancock's RFC assessment and his testimony in the ALJ's April 25, 2005, written decision, (tr. 335-83), but argues that the ALJ erred by not including in his findings the particular restrictions imposed by Dr. Hancock (tr. 19-25). Plaintiff cites testimony from Dr. Hancock which indicates that claimant is entitled to some consideration with respect to degenerative changes in his right knee; should reduce his stand and walk activity to approximately four hours per eight-hour workday and reduce squatting and kneeling to occasionally; and is limited to only occasional operation of right foot/leg controls that require a high level of pressure. (Tr. 367). Plaintiff argues that the ALJ ignored Dr.

Hancock's RFC when he concluded that claimant is not impaired by extreme limitation of the ability to ambulate effectively, nor by an extreme loss of function in the lower extremities. (Tr. 21).

Contrary to Plaintiff's assertions, the ALJ's decision is entirely consistent with both Dr. Hancock's RFC assessment and his testimony. In his decision, the ALJ acknowledged the limitations referenced by Plaintiff in his motion for summary judgment. Specifically, the ALJ found that claimant "has the residual functional capacity to perform the physical exertion and non-exertional requirements of medium work *with the additional restrictions set forth in the body of this decision.*" (Tr. 25) (emphasis added). The body of the decision includes the hypothetical posed to the VE at the hearing which incorporated Dr. Hancock's conclusions regarding claimant's RFC. (Tr. 23-24). Thus, the decision references claimant's ability to stand/walk for four hours in an eight hour workday. (Tr. 24). It also states that Plaintiff is limited to only occasional squatting, kneeling, and pushing and pulling with the lower extremities. (Tr. 24). As for Plaintiff's complaint that the ALJ ignored the degenerative changes in his right knee, this argument is without merit. As has been discussed, the ALJ acknowledged those restrictions associated with claimant's knee that were identified by Dr. Hancock.[2] While Plaintiff argues that the ALJ erred by not mentioning these specific restrictions, a review of the ALJ's decision reveals that these limitations were explicitly referenced.

---

[2] At the April 1, 2005, hearing, Dr. Hancock indicated that claimant "would certainly be entitled to some consideration with respect to the degenerative changes in his right knee" and that he "would reduce his stand and walk activity to about four hours and also reduce his squatting and kneeling to occasionally." (Tr. 367). Dr. Hancock went on to say that "other than that I just don't find any significant impairment." (*Id.*)

Additionally, Plaintiff's claim that the ALJ ignored Dr. Hancock's RFC by not finding that Plaintiff is impaired by extreme limitation of the ability to ambulate effectively or by an extreme loss of function in the lower extremities is without merit. Contrary to Plaintiff's argument, the existence of these alleged impairments is not supported by Dr. Hancock's RFC, as it contains no indication of an "extreme" limitation of any kind. Moreover, Dr. Hancock's testimony further controverts these allegations. (Tr. 364-76). Tellingly, Plaintiff does not cite to any particular conclusions within the RFC that would support a finding of "extreme" limitation.

2.  **Plaintiff's Allegations of Disabling Pain**

In *Duncan v. Secretary of Health & Human Services*, 801 F.2d 847 (6th Cir. 1986), the Sixth Circuit prescribed an analytical framework for evaluating subjective allegations of pain. It stated:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can be reasonably expected to produce the alleged disabling pain.

*Id*. at 853.

Plaintiff argues that his allegations of disabling pain "were supported by objective medical evidence of an underlying condition that could reasonably be expected to produce his alleged disabling pain." (Doc. #9-3 at 7). Plaintiff cites a number of medical records to support this claim. (Tr. 247-65, 295-325). Objective medical evidence of record confirms that claimant suffers *some* degree of pain as a result of his impairments. However, the evidence of record does not support the severity of pain alleged by claimant. As the ALJ

concluded, "[c]laimant's subjective complaints are disproportionate to the medical evidence and are not credible, considering both medical and 'other' evidence." (Tr. 25). While the ALJ could have been more clear in presenting the rationale for his credibility finding, his decision contains adequate explanation as to why he rejected claimant's allegations of disabling pain.

The ALJ referenced a number of inconsistencies between the evidence of record and Plaintiff's allegations of pain, lending support to the ALJ's determination that claimant lacked credibility. For example, the ALJ noted that Dr. Hancock testified that claimant suffers from no serious limitations due to lower back pain. (Tr. 21, 365). As to claimant's bilateral knee pain, the ALJ noted degenerative changes in the right knee but remarked that "[t]he record does not demonstrate ineffective ambulation or the continuous need for a hand-held assistive device. He is able to sustain a reasonable walking pace sufficient to carry out activities of daily living, including traveling without the need for companion assistance." (Tr. 22). The ALJ concluded that "[t]he longitudinal clinical record fails to establish severity and duration of pain at the alleged level." (Tr. 22). As for Plaintiff's asthma, the ALJ observed:

> At hearing he was noted to cough a few times and he smelled strongly of cigarette smoke, admitting he continues to smoke one-half pack per day. (The undersigned is of the opinion it is probably more. This man has had a felony conviction and his credibility has suffered accordingly.)

(Tr. 22). The hearing transcript reveals that Plaintiff initially claimed that he had "just about quit" smoking. (Tr. 344). Only after the ALJ told claimant that a bag he brought to the hearing "reeks of smoke" did he admit to his one-half pack per day habit. (Tr. 344-45).

8

The ALJ also commented on Plaintiff's activities of daily living.  Specifically, the ALJ referenced claimant's hearing testimony in which he stated that he drives approximately three times a week, fishes about once a month, and visits his mother in Hazard, Kentucky. (Tr. 23, 340, 353).  The ALJ also cited a May 6, 2003, consultative examination which stated that claimant does yard work. (Tr. 23, 223).  These activities are inconsistent with claimant's allegations of disabling pain.

Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A.) states that consistency is a strong indication of the credibility of an individual's statements.  *Id.* at *5-6.  An ALJ must consider the degree to which the individual's statements are consistent with the objective medical evidence and the consistency of the individual's own statements.  *Id.*  In this case, medical findings undermine claimant's allegations of disabling pain.  Similarly, claimant's activities of daily living support the ALJ's determination that claimant is not disabled.

The ALJ considered the medical evidence of record and determined that the objective medical evidence did not support Plaintiff's subjective allegations of pain.  In light of the evidence presented to the ALJ, this was a reasonable conclusion and one the ALJ was entitled to make.  *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).  The Court has reviewed the administrative record and finds that substantial evidence supports the ALJ's decision that claimant is not disabled as that term is defined under the Social Security Act.

### III.   CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Commissioner's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED**.

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 11th day of March, 2008.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\SocialSecurity\MOOs\6-07-41-HensleyMOO.wpd